UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNSON CHRISTOPHER JAMERSON,

    Plaintiff,

v.                                                      Case No. 3:18cv1558-LC-CJK

JULIE JONES,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

Plaintiff Johnson Christopher Jamerson, DC# 453581, is a Florida inmate presently confined at Santa Rosa Correctional Institution in Milton, Florida. (Doc. 1). Plaintiff initiated this case on July 18, 2018, by filing a pleading titled "Civil Complaint" claiming that his allegation of sexual harassment against a correctional officer was not being handled in accordance with the Prison Rape Elimination Act of 2003 (PREA), 42 U.S.C. §§ 15601-15609. (Doc. 1). Plaintiff moves to proceed *in forma pauperis*. (Doc. 4). On review of plaintiff's complaint and prior litigation history, the court concludes that plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit. This case is also subject to dismissal under 28 U.S.C.

1915A(b)(1), because plaintiff's complaint fails to state a claim on which relief may be granted.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

*Case No. 3:18cv1558-LC-CJK*

The court takes judicial notice of the following four cases filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim on which relief may be granted: *Jamerson v. Sec'y, Dep't of Corr.*, No. 6:16cv1283-CEM-DAB, 2016 WL 10649208 (M.D. Fla. July 25, 2016) (dismissing plaintiff's prisoner civil rights action for failure to state a claim on which relief may be granted), *aff'd*, 698 F. App'x 581 (11th Cir. 2017); *Jamerson v. Sec'y, Dep't of Corr.*, No. 1:16cv23973-MGC (S.D. Fla. Dec. 14, 2016) (dismissing plaintiff's prisoner civil rights action as frivolous and for failure to state a claim); *Jamerson v. Sec'y, Fla. Dep't of Corr.*, No. 16-15937-E (11th Cir. Apr. 5, 2017) (dismissing as frivolous plaintiff's appeal from an order dismissing his prisoner civil rights action for failure to comply with a court order); *Jamerson v. Tomoka Corr. Inst.*, 17-10435-D (11th Cir. June 27, 2017) (same). The foregoing cases may be positively identified as having been filed by plaintiff, because they bear his name and Florida Department of Corrections' DC# 453581. All of the dismissals were entered prior to plaintiff filing this lawsuit.

As plaintiff has at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make the requisite showing. Plaintiff alleges that a correctional officer has

repeatedly asked to see him naked in exchange for "hook[ing] [plaintiff] up with a little something". (Doc. 1, p. 2 and Attach.). Since then, plaintiff has been issued two false disciplinary reports. (*Id*.). On July 2, 2018, plaintiff filed an informal grievance complaining about the officer's sexual harassment. (*Id*., Attach.). On July 5, 2018, staff referred plaintiff's allegations to the Inspector General. (*Id*.). Plaintiff filed this lawsuit less than two weeks later, on July 18, 2018, claiming he was being denied his rights under the PREA because he "is still in the same dormitory with the same sergeant, being subjected to every vindictive measure imposed." (*Id*., p. 2). As relief, plaintiff asks this court to "exercise its discretionary powers and intervene in order to enforce the provisions of Federal Statute 1435 [sic] and protect the Plaintiff from any further predatory actions at the hands of D.O.C. staff." (*Id*., p. 3). Accepting the non-conclusory and non-speculative allegations of plaintiff's complaint as true, they fail to make a colorable showing that plaintiff is in imminent danger of serious physical injury. Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit, this case should be dismissed under § 1915(g).

Even if plaintiff's allegations could be liberally construed as qualifying under § 1915(g)'s imminent danger exception, plaintiff's complaint is still due to be dismissed on the ground that it fails to state a claim on which relief may be granted.


Title 28 U.S.C. § 1915A requires the court to review plaintiff's complaint and dismiss it if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"  28 U.S.C. § 1915A(a), (b)(1).  Plaintiff filed this action exclusively under the PREA, claiming that his rights under the statute were violated and seeking enforcement of those rights.  (Doc. 1, p. 1).  This and other federal courts have determined that the PREA does not establish a private cause of action or a federal right.  *See Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (collecting cases); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017); *Gibson v. Kent*, No. 3:15cv458-MCR-EMT, 2016 WL 7384646, at *2 (N.D. Fla. Nov. 18, 2016) ("Nowhere in the PREA is there language to suggest that part of its purpose was to create a private cause of action or a federal right which could be enforced in a Section 1983 action.  Thus, it has been uniformly held that the PREA does not create a private right of action whereby an inmate such as Plaintiff may seek relief." (collecting cases)), *Report and Recommendation adopted*, 2016 WL 7379002 (N.D. Fla. Dec. 20, 2016).  Plaintiff's allegations do not state a facially plausible claim on which the court may grant relief.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915A(b)(1).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 8th day of August, 2018.

>                        */s/* *Charles J. Kahn, Jr.*
>                        **CHARLES J. KAHN, JR.**
>                        **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.